IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| WINNIE JACKSON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TARRANT COUNTY, TEXAS, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. 4:25-cv-00587-O |

**PLAINTIFFS' BRIEF IN SUPPORT OF EXPEDITED PRELIMINARY INJUNCTION HEARING AND SEPARATE TRIAL ADVANCED AND CONSOLIDATED WITH THE PRELIMINARY INJUNCTION HEARING ON COUNTS 1 AND 2**

Plaintiffs respectfully request that the Court (1) set an expedited hearing the first or second week of August 2025, and issue a decision by September 12, 2025, and (2) separate the trial on Counts 1 and 2 from Counts 3 and 4, pursuant to Fed. R. Civ. P. 42(b), and advance and consolidate the trial on Counts 1 and 2 with the preliminary injunction hearing, pursuant to Fed. R. Civ. P. 65(a)(2).

**ARGUMENT**

**I.     The Court should set an expedited hearing and adjudication schedule.**

Plaintiffs respectfully request that the Court set an expedited hearing on Plaintiffs' motion for a preliminary injunction for the first or second week of August 2025 and issue its decision by September 12, 2025. The Fifth Circuit has underscored the importance of expedited consideration of redistricting cases in advance of the candidate filing deadline.[1] In *Petteway v. Galveston County*,

---

[1] Plaintiffs have moved quickly to advance this lawsuit. Map 7 was adopted on June 3, 2025, and Plaintiffs filed suit on June 4, 2025. All of Plaintiffs' counsel were in a three-judge federal court trial at the time and through June 11, 2025. *See League of United Latin Am. Citizens v. Abbott*, No. 21-cv-259 (W.D. Tex.). Plaintiffs filed their First Amended Complaint on June 17, 2025, and their preliminary injunction motion and voluminous supporting evidence soon thereafter.

1

Judge Brown ruled on October 13, 2023 that Galveston County's commissioner precinct map violated Section 2 of the Voting Rights Act, enjoined its further use, and set a remedial process that would have a new map in place by November 1, 2023, prior to the commencement of candidate filing. *Petteway v. Galveston County*, 698 F. Supp. 3d 952, 1017 (S.D. Tex. 2023). A motions panel of the Fifth Circuit administratively stayed the injunction and set the case for expedited appellate proceedings. *Petteway v. Galveston County*, No. 23-40582, 2023 WL 8354700 (5th Cir. Oct. 18, 2013). On November 10, 2023, a Fifth Circuit panel unanimously affirmed the injunction but requested an en banc poll given the judges' disagreement with the precedent that necessitated affirmance. *Petteway v. Galveston County*, 86 F.4th 214, 218 (5th Cir. 2023). After the stay was briefly lifted by the Fifth Circuit, Judge Brown entered an injunction imposing a map to govern the 2024 election "less than two weeks before Texas's filing deadline on December 11, 2023." *Petteway v. Galveston County*, 87 F.4th 721, 724 (5th Cir. 2023) (en banc). On December 7, 2023, the en banc court stayed that injunction, concluding that it was issued too close to the candidate filing deadline. *See id.* at 723 (citing *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (per curiam)).

In light of the *Petteway* proceedings, Plaintiffs respectfully request that the Court issue its decision on their motion for a preliminary injunction by September 12, 2025, to ensure that relief can be issued—and/or appellate proceedings can occur—sufficiently in advance of the candidate filing deadline to avoid *Purcell* issues.[2]

---

[2] The *Petteway* district court's original decision was issued October 13, 2023. A ruling in this case by September 12, 2025, would be a month earlier, comparatively, and would allow any appellate resolution to occur in advance of the timeline that caused *Purcell* concerns for the Fifth Circuit in *Petteway*.

**II.     The Court should enter an order separating the trial of Counts 1 and 2 from Counts 3 and 4 and advance and consolidate the trial of Counts 1 and 2 with the preliminary injunction hearing.**

The Court should separate the trials on Counts 1 and 2 from Counts 3 and 4 pursuant to Rule 42(b) and advance and consolidate the trial on Counts 1 and 2 with the preliminary injunction hearing pursuant to Rule 65(a)(2). Rule 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate . . . claims . . . ." Fed. R. Civ. P. 42(b). Counts 1 and 2 pertain only to Plaintiffs' disenfranchisement from voting in the 2026 commissioners court election, and thus Plaintiffs must attain final adjudication and permanent injunctive relief on Counts 1 and 2 expeditiously lest they lose the ability to obtain relief on those claims, given the Fifth Circuit's *Purcell* precedent. Separate, expedited trial on Counts 1 and 2 is therefore necessary to avoid prejudice to Plaintiffs so that the passage of time does not cause them to lose the ability to obtain effective relief on Counts 1 and 2.

Moreover, the Court should advance the trial on Counts 1 and 2 and consolidate with the preliminary injunction hearing. Rule 65(a)(2) provides that "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." Fed. R. Civ. P. 65(a)(2). For the reasons stated above—expedition and to avoid prejudice of losing the ability to obtain relief by the passage of time—it is necessary to advance the trial on Counts 1 and 2, which pertain to the 2026 election. The Fifth Circuit's *Purcell* precedent necessitates a speedy final judgment on Counts 1 and 2. Once consolidation is ordered, the preliminary injunction hearing would serve as the trial on Counts 1 and 2, and Plaintiffs' request would be for the issuance of a permanent injunction on Counts 1 and 2.

**CONCLUSION**

For the foregoing reasons, the Court should grant the motion.

Dated: June 27, 2025                                    Respectfully submitted,

/s/ *Mark P. Gaber*                                     /s/ *Chad W. Dunn*
Mark P. Gaber*                                          Chad W. Dunn
DC Bar No. 988077                                       TX Bar No. 24036507
MARK P. GABER PLLC                                      BRAZIL & DUNN, LLP
P.O. Box 34481                                          1900 Pearl Street
Washington, DC 20043                                    Austin, TX 78705
(715) 482-4066 Phone                                    (512) 717-9822 Phone
mark@markgaber.com                                      (512) 515-9355 Facsimile
                                                        chad@brazilanddunn.com

George (Tex) Quesada
TX Bar No. 16427750                                     Jesse Gaines
Sean J. McCaffity                                       TX Bar No. 07570800
TX Bar No. 24013122                                     LAW OFFICE OF JESSE L.
SOMMERMAN, MCCAFFITY, QUESADA                           GAINES
 & GEISLER, L.L.P.                                      Post Office Box 50093
3811 Turtle Creek Blvd, Suite 1400                      Fort Worth, TX 76105
Dallas, TX 75219                                        817-714-9988 Phone
(214) 720-0270 Phone                                    gainesjesse@ymail.com
(214) 720-0184 Facsimile
quesada@textrial.com
smccaffity@textrial.com


*Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

On June 27, 2025, I served the foregoing on counsel for Defendants, who have not yet entered an appearance in this case, via email as indicated below.

Craig M. Price
Assistant District Attorney – Chief of the Civil Division
Tarrant County District Attorney's Office
cmprice@tarrantcountytx.gov

Mark Kratovil
Assistant District Attorney
Tarrant County District Attorney's Office
mckratovil@tarrantcountytx.gov

<em>/s/ Mark P. Gaber</em>