IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

WINNIE JACKSON, JARRETT "JAY"
JACKSON, CELINA VASQUEZ, DUANE
BRAZTON, NADIA BHULAR, AMJAD
BHULAR, CHERYL MILLS-SMITH, and
RICHARD CANADA,

        *Plaintiffs*,

  v.                                                        Civil Case No. 4:25-cv-000587-O

TARRANT COUNTY, TEXAS;
TARRANT COUNTY COMMISSIONERS
COURT; TIM O'HARE, in his official
capacity as Tarrant County Judge,

        *Defendants*.

## DEFENDANTS' MOTION TO STRIKE

If the Court does not grant Tarrant County's Motion to Dismiss in its entirety, this Court should strike select sections of Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief (ECF. No. 8) and Brief in Support of Plaintiffs' Motion for Preliminary Injunction (ECF No. 12) pursuant to Rule 12(f). *See* Fed. R. Civ. P. 12(f) ("[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter").

## INTRODUCTION

Plaintiffs First Amended Complaint for Declaratory and Injunctive Relief and Motion for Preliminary Injunction rely on irrelevant factual assertions, intentionally distorted quotes, and character smears. These allegations have no relevance to the elements of Plaintiffs' claims Instead, they are "immaterial, impertinent, or scandalous."

1

**FACTUAL AND PROCEDURAL HISTORY**

Tarrant County is governed by a five member Commissioners Court, whose commissioners are elected for four years in staggered elections. Currently the four precincts are represented by two Democrat Commissioners, two Republican Commissioners, and one Republican County Judge. In April 2025, Tarrant County voted to consider redrawing the precincts' boundary lines. On June 3, 2025, the Tarrant County Commissioners Court voted to adopt Map 7, which would likely replace one Democrat commissioner with a Republican an create a four to one Republican majority on the body.

Plaintiffs filed suit claiming they were: (1) moved from majority-minority to majority-Anglo precincts; and (2) disenfranchised by being moved from a precinct with an election in 2026 to one whose election is in 2028. *See* ECF No. 8, at 4-7. On this basis, Plaintiffs allege: (1) vote denial or abridgment through disenfranchisement (52 U.S.C. § 10301 and 42 U.S.C. § 1983); (2) an unconstitutional burden on the right to vote under the First and Fourteenth Amendments to the United States Constitution; (3) intentional racial discrimination under the Fourteenth Amendment to the United States Constitution; and (4) intentional racial discrimination under the Fifteenth Amendment to the United States Constitution. *See* ECF No. 8, at 23-29.

**ARGUMENT**

I. **The Court should strike irrelevant claims and statements included to disparage Defendants.**

This Court should strike content from Plaintiffs' pleadings unrelated to elements to establish liability here or are otherwise subject to Fed. R. Civ. P. 12(f). Defendants request this Court strike the following statements as irrelevant, redundant, immaterial, impertinent, or scandalous:

1. Throughout their briefs, Plaintiffs edit and take out of context Judge O'Hare's statement: "[t]he policies of Democrats continue to fail Black people over and over and over, but many of them keep voting them in. It's time for people of all races to understand the Democrats are a lost party, they are a radical party, it's time for them to get on board with us and we'll welcome them with open arms." *See* ECF No. 12, at 5 (providing the full quote instead of the fragmented quote filed in Plaintiffs' First Amended Complaint). However, Plaintiffs deceptively cut and rephrased this statement. Specifically, Plaintiffs employ this tactic at:

- ECF No. 8, at 2—Plaintiffs claim that a government official cannot have a motivation that "'many of them'—referring to Black voters—choose different candidates than he would prefer. A political subdivision cannot redraw district boundaries along racial lines because the government official casting the deciding vote thinks that '[i]t's time for people of all races' to start agreeing with his views. And a political subdivision cannot redraw district boundaries along racial lines because '[i]t's time for *them*,' *i.e.*, Black voters and voters of 'all races,' 'to get on board' with his policy views."

- ECF No. 8, at 28 ¶ 114:7-9—claiming "Judge O'Hare expressly stated on the day of the vote that he disagreed with Black voters' electoral choices, that they need to change how they vote, and that 'all races' should agree with him politically."

- ECF No. 12, at 16 ¶ 2:1-3—Plaintiffs claim that "Judge O'Hare's comments expressing disagreement with 'Black people[s]' 'representatives of []choice,' 52 U.S.C. § 10301(b), and his assertion that 'it's time for people of all races … to get on board' with his preferred candidates." *See also* ECF No. 12, at 5 ¶ 2:1-4; ECF No. 12, at 23 ¶ 1:3-4; ECF No. 12, at 15 ¶ 4:2-5; ECF No. 12, at 27 ¶ 4:3-5 (repeating the deceptive rephrasing of Judge O'Hare's statement).

3

Plaintiffs quote Judge O'Hare's statement out of context. More importantly, the edited version of Judge O'Hare's statement is not relevant evidence of racial intent. Instead, it is an appeal for minority support and a partisan call for some voters to abandon the Democratic party. Defendants' request that this Court Strike ECF No. 8, at 2, ECF No. 8, at 28 ¶ 114:7-9, ECF No. 12, at 16 ¶ 2:1-3, ECF No. 12, at 5 ¶ 2:1-4; ECF No. 12, at 23 ¶ 1:3-4; ECF No. 12, at 15 ¶ 4:2-5; and ECF No. 12, at 27 ¶ 4:3-5.

2. Plaintiffs cite Judge O'Hare's 2022 campaign statement "if you're a Republican officeholder and you haven't been called a racist, then you probably haven't done a thing" as evidence that he "pushed through the map with the goal of defeating one of the two Black commissioners and preventing minority voters from selecting their preferred candidates—or even casting a ballot in the election in which they were otherwise entitled to vote." ECF No. 8, at 4 ¶ 8:5-9. The statement had nothing with the enactment of Map 7. More importantly, the statement was made when Judge O'Hare was running for office—not in relation to the redistricting—and is an opinion expressed about the state of political discourse in the country, not about Map 7. If Judge O'Hare believes that some actors inappropriately brand speakers as racist to prevent them from speaking, then he has the right to speak about these opinions without it converting to evidence of racial intent. Plaintiffs' inclusion of a criticism that some are too quick to brand someone a racist without justification is hardly evidence of racial intent. For this reason, Defendants' request that this Court strike ECF No. 8, at 4 ¶ 8:5-9 because it is not relevant to establish any racial intent behind Map 7.

3. Plaintiffs later claim:

> [w]hile serving as the Tarrant County Republican Party Chair, O'Hare formed an alliance with True Texas Project, an extremist organization based in Tarrant County that has been identified as an anti-government hate group by the Southern Christian

> Leadership Conference. Its leaders made comments following the mass killings of Hispanics in El Paso justifying the actions of the shooter.

ECF No. 8, at 12 ¶ 46. Putting aside the irrelevancy of the opinions of the Southern Christian Leadership Conference, with whom Judge O'Hare may have formed an "alliance" with – whatever that is – is not relevant evidence of racial intent. It certainly does not pertain to Map 7. Defendants request that this Court strike ECF No. 8, at 12 ¶ 46 as immaterial, impertinent, or scandalous.

4. Plaintiffs plead:

> [a]fter becoming County Judge, O'Hare encouraged the questioning of the 2020 election results and the competence of the Tarrant County Elections Office, led by Hispanic Heider Garcia. Garcia's office had been rated highly. Republican Secretary of State, John Scott, praised Garcia saying, '[i]f you were building a prototype for an election administrator, you would just copy Heider Garcia.' O'Hare ultimately forced the resignation of Garcia, who had been harassed and threatened.

ECF No. 8, at 12 ¶¶ 48-49. This case has nothing to do with Heider Garcia, John Scott, or the validity of the 2020 elections. Additionally, Plaintiffs infer that Judge O'Hare had something to do with harassment or threats to Mr. Garcia. Defendants request this Court strike these statements in ECF No. 8, at 12 ¶¶ 48-49 as immaterial, impertinent, or scandalous.

5. Plaintiffs plead:

> O'Hare has a noted history of divisive actions against minority citizens. As a city councilman and Mayor in the small Dallas County City of Farmers Branch, O'Hare led an aggressive anti-immigrant effort that included passing a city resolution blocking undocumented immigrants from being able to secure housing in Farmers branch. A federal lawsuit filed on behalf of minority plaintiffs ultimately resulted in a judgement against Farmers Branch costing the city more than $6 million.

*See* ECF No. 8, at 11-12 ¶¶ 44-45. What Judge O'Hare did as mayor in response to illegal immigration has nothing to do with Map 7, nor is the allegation an element under the caselaw to establish racially motivated intent in the adoption of Map 7. For these reasons, Defendants' request that this Court strike ECF No. 8, at 11-12 ¶¶ 44-45 as immaterial, impertinent, or scandalous.

6. Plaintiffs plead "[a]s part of his effort to close early voting sites in locations convenient to students and minority citizens, O'Hare scheduled the vote at a time when both Black members of the County Commission, Roy C. Brooks in Precinct 1 and Alisa Simmons in Precinct 2, were out of town." ECF No. 8, at 12 ¶ 50. This is irrelevant to the claim that Map 7 was enacted with impermissible racial intent, Defendants request that this Court strike ECF No. 8, at 12 ¶ 50 as immaterial, impertinent, or scandalous.

7. Plaintiffs plead: "[w]hile presiding as County Judge, O'Hare made the following comment to Black Commissioner Alisa Simmons in an open Commissioners Court meeting in April 2024: 'I'm the one talking now, so you'll sit there and be quiet and listen to me talk.'" ECF No. 8, at 13 ¶ 51:3-4. This clearly has no relation to Map 7. This relates to a commissioner speaking out of order, not racial intent. For this reason, Defendants request that this Court strike ECF No. 8, at 13 ¶ 51:3-4 as immaterial, impertinent, or scandalous.

8. Plaintiffs reference a statement made by former Commissioner Andy Nguyen in his 2016 reelection campaign, in which he said "[i]f being called a racist is the price I have to pay to preserve America, I am willing to pay 100-fold." ECF No. 8, at 9 ¶ 32; ECF No. 12, at 25 ¶ 1:3-4. Mr. Nguyen made the statement nine years ago, as part of a re-election campaign. Mr. Nguyen is not a commissioner and played no role in drafting Map Seven. The statement has nothing to do with an element to establish racial intent. Defendants request this Court strike ECF No. 8, at 9 ¶ 32; ECF No. 12, at 25 ¶ 1:3-4.

9. Plaintiffs plead: "the City Councils from the two largest cities in Tarrant County—Fort Worth and Arlington (both majority minority cities)—passed resolutions calling on the Commissioners Court to end consideration of new maps until following the 2030 census, each

citing concerns of voting rights violations." ECF No. 8, at 18 ¶ 79. This statement should be struck because it has no relation to this case.

## II. This Court should strike irrelevant and incivil statements designed to disparage Defendants' Counsel

Plaintiffs also plead facts that are incivil and irrelevant directed at Defendants' counsel These statements include a claim that Defendant Counsel did not observe a public hearing because he was afraid for his life and therefore evidence of racial intent in the enactment of Map 7. These sorts of attacks on counsel here should be stricken as they are immaterial, impertinent and scandalous in addition to being inaccurate.

## CONCLUSION

For these reasons, the Court should grant Defendants' Motion to Strike components of Plaintiffs' First Amended Complaint and Preliminary Injunction.

Respectfully submitted,

                                  For the Defendants

*/s/ Joseph M. Nixon*
Joseph M. Nixon
PUBLIC INTEREST LEGAL FOUNDATION
107 S. West Street
Alexandria, VA 22413
Tel: (703) 745-5870
jnixon@publicinterestlegal.org

J. Christian Adams*
PUBLIC INTEREST LEGAL FOUNDATION
107 S. West Street
Alexandria, VA 22413
Tel: (703) 745-5870
adams@publicinterestlegal.org
**Motions for Pro Hac Admission forthcoming*

Kaylan Phillips*
PUBLIC INTEREST LEGAL FOUNDATION
107 S. West Street
Alexandria, VA 22413

Tel: (703) 745-5870
kphillips@publicinterestlegal.org
*Motions for Pro Hac Admission forthcoming*

Jewel M. Lightfoot
PUBLIC INTEREST LEGAL FOUNDATION
107 S. West Street
Alexandria, VA 22413
Tel: (703) 745-5870
jlightfoot@publicinterestlegal.org

Stephen A. Lund
State Bar No. 24086920
Tarrant County District Attorney's Office
401 W. Belknap St., 9th Floor
Fort Worth, TX 76196
Tel: (817) 884-1400
Fax: (817) 884-1475
SALund@tarrantcountytx.gov

Katherine E. Owens
State Bar No. 24081683
Tarrant County District Attorney's Office
401 W. Belknap St., 9th Floor
Fort Worth, TX 76196
Tel: (817) 884-1400
Fax: (817) 884-1475
KEOwens@tarrantcountytx.gov

Omar J. Famada
State Bar No. 24144940
Tarrant County District Attorney's Office
401 W. Belknap St., 9th Floor
Fort Worth, TX 76196
Tel: (817) 884-1400
Fax: (817) 884-1475
OJFamada@tarrantcountytx.gov

## CERTIFICATE OF SERVICE

I, Joseph M. Nixon, do hereby certify that service of a true and correct copy of this Motion has been forwarded to all counsel of record via electronic notification and sent to non-parties via regular and/or certified mail.

DATED: August 1, 2025

                                                  */s/ Joseph M. Nixon*
                                                Joseph M. Nixon
                                                PUBLIC INTEREST LEGAL FOUNDATION
                                                107 S. West Street
                                                Alexandria, VA 22413
                                                Tel: (703) 745-5870
                                                jnixon@publicinterestlegal.org

## CERTIFICATE OF CONFERENCE

    I, Joseph M. Nixon, do hereby certify that, as required by Local Rule 7.1(h), that I have conferred, or made a reasonable attempt to confer, with all other parties about the merits of this motion without resolution.

DATED: August 1, 2025

                                          */s/ Joseph M. Nixon*
                                          Joseph M. Nixon
                                          PUBLIC INTEREST LEGAL FOUNDATION
                                          107 S. West Street
                                          Alexandria, VA 22413
                                          Tel: (703) 745-5870
                                          jnixon@publicinterestlegal.org

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

WINNIE JACKSON, JARRETT "JAY"
JACKSON, CELINA VASQUEZ, DUANE
BRAZTON, NADIA BHULAR, AMJAD
BHULAR, CHERYL MILLS-SMITH, and
RICHARD CANADA,

   *Plaintiffs*,

  v.             Civil Case No. 4:25-cv-000587-O

TARRANT COUNTY, TEXAS;
TARRANT COUNTY COMMISSIONERS
COURT; TIM O'HARE, in his official
capacity as Tarrant County Judge,

   *Defendants*.

## ORDER

AND NOW, on this _____ day of _____, 2025, it is **ORDERED** that Plaintiffs' Motion to Strike is **GRANTED**.

**ORDERED** on this \_\_ day of August 2025.

                BY THE COURT:

                _____
                **HON. REED C. O'CONNOR**